UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ARNOLD EDWARD DeMANN,

        Petitioner,               Case No. 1:11-cv-438

v.                                        Honorable Gordon J. Quist

TERESA HARVATICH et al.,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that Petitioner is not in custody for purposes of the habeas corpus statute and that the petition is barred by the one-year statute of limitations.

**Discussion**

    I.    Factual Allegations

Petitioner Arnold Edward DeMann appears to have been released from prison and discharged from his sentence and parole.[1] Following a jury trial, Petitioner was convicted of two counts of operating or maintaining a lab involving methamphetamine, MICH. COMP. LAWS §333.7401c(2)(f), as a second offender under MICH. COMP. LAWS § 333.7413(2). On January 20, 2006, the Allegan County Circuit Court sentenced him to two prison terms of 3½ to 20 years.

Petitioner appealed his convictions to the Michigan Court of Appeals, raising five issues: (1) improper jury instruction on specific intent; (2) violation of Michigan criminal procedure for the hearing impaired; (3) violation of the Americans with Disabilities Act, denial of access to the courts, and ineffective assistance of counsel; (4) denial of his right to confrontation; and (5) MICH. COMP. LAWS § 333.7401c(1)(a) is unconstitutionally vague. In an unpublished opinion issued August 23, 2007, the court of appeals affirmed his convictions. The court denied reconsideration on October 16, 2007. Petitioner sought leave to appeal the same issues to the supreme court. The supreme court denied leave to appeal on March 24, 2008. Petitioner did not file a petition for writ of certiorari in the Supreme Court.

On June 2, 2008, Petitioner put in the prison's outgoing mail a motion for relief from judgment, in which he alleged that he was searched in violation of the Fourth Amendment; ineffective assistance of counsel; judicial misconduct; and that the motion represented a final attempt to allow the state to correct its error. The Allegan County Circuit Court denied the motion on

---

[1] This information was taken from the website of the Michigan Department of Corrections Offender Tracking Information System (OTIS), http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=585958. According to OTIS, Petitioner was discharged from his sentence on April 28, 2011 and no longer remains under any conditions of supervision.

September 23, 2008. The court of appeals and the supreme court denied leave to appeal on September 14, 2009 and March 29, 2010, respectively. Petitioner filed the instant petition on April 29, 2011.[2]

## II. In Custody

This Court appears to be without subject matter jurisdiction to grant habeas corpus relief. Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) require that a § 2254 habeas petition be filed when a person is "in custody" for that conviction "in violation of the Constitution or laws or treaties of the United States." A petitioner who was on parole at the time of filing is still "in custody" for habeas purposes, *see Jones v. Cunningham*, 371 U.S. 236, 242 (1963), and release from custody and the subsequent conclusion of a parole term, after the filing of the habeas petition, do not render moot a prisoner's habeas corpus action. *See Abela v. Martin*, 380 F.3d 915, 920 (6th Cir. 2004). However, ordinarily, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). In the present case, Petitioner's conviction expired on April 28, 2011, the date on which he appears to have been unconditionally discharged by the MDOC. While he signed his petition on April 26, 2011, he did not deliver it for filing until April 29, 2011, one day after his sentence was discharged. Under *Maleng*, the mere fact that he may face collateral consequences from the 2006 convictions, such as the possibility in a future conviction of a sentencing enhancement as a habitual offender, does not render him "in custody" under the 2006 conviction. Accordingly, it appears that the Court

---

[2]Under federal precedent, a habeas application is deemed filed by an incarcerated prisoner when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on April 26, 2011, and it was received by the Court on April 29, 2011. However, because Petitioner was not in prison when he filed his petition, he is not entitled to the benefit of the mail-box rule.

is without jurisdiction to grant habeas relief. However, even assuming that the Court retains jurisdiction to hear Petitioner's habeas application, the application is barred by the statute of limitations.

### III.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on March 24, 2008. Petitioner did not petition for certiorari to the United States Supreme Court. However, the one-year limitations period did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, June 23, 2008. Absent tolling, Petitioner had one year from that date, or until June 23, 2009, in which to file his habeas application. Petitioner filed on April 26, 2011. Obviously, he filed more than one year after the time for direct review expired.

However, as previously discussed, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence*, 549 U.S. 327. The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332.

Although Petitioner claims to have placed his motion for relief from judgment in the prison mail system on June 2, 2008, his motion for relief from judgment was not received and filed by the Allegan County Clerk's Office until June 13, 2008, ten days before Petitioner's statute of

limitations would have begun to run.[3]  His period of limitations therefore had not yet begun to run when he filed his motion for relief from judgment.  Since the statute provides that the filing of a postconviction motion tolls the running of the statute of limitations, not the date the conviction becomes final following direct review, Petitioner cannot claim the ten days he had remaining in which to file a petition for writ of certiorari should be added to the period of limitations.  *See* 28 U.S.C. § 2244(d)(2).[4]  Petitioner's case became final on June 23, 2008, the date on which 90-day period expired for filing a petition for certiorari.  The period of limitations, however, was immediately tolled by the pending state-court postconviction proceedings.  As a consequence, when the Michigan Supreme Court denied leave to appeal on March 29, 2010, Petitioner had the full one-year period of limitations available under 28 U.S.C. § 22244(d)(1).  *Lawrence*, 549 U.S. at 332.  He therefore had until March 29, 2011, in which to file his petition.  Petitioner, however, did not file his habeas application until April 26, 2011.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner

---

[3]Petitioner cannot claim that the "prisoner mailbox rule," which sets the date of filing as the time that a prisoner hands the documents to prison officials for mailing, applies to his state-court motion for relief from judgment.  The "prisoner mailbox rule" has its origins in interpretation of federal law.  *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270-72 (1988)).  The Michigan Supreme Court, interpreting Michigan law, has expressly rejected the federal prisoner mailbox rule and instead has found that delivery of the document to the court clerk is a necessary component of filing.  *See Walker-Bey v. Dep't of Corr.*, 564 N.W.2d 171, 173 (Mich. 1997).  The Eastern District of Michigan, applying the one-year period of limitation in § 2244(d), rejected application of the federal prisoner mailbox rule to the filing of a motion for relief from judgment in the Michigan state court and instead found that the filing occurred when the document was delivered to the court under Michigan law.  *Herron v. Smith*, No. Civ. 01-CV-71867-DT, 2001 WL 902621, at *2 (E.D. Mich. June 29, 2001).  Under these authorities, Petitioner's motion for relief from judgment was filed on June 13, 2008, not June 2, 2008.

[4]Moreover, even were he allowed to count those ten days (or even the 21 days from June 2 to June 23, 2008), Petitioner's habeas application would nevertheless be time-barred, as he filed his application 28 days after the period of limitations expired.

bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity

to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied both because Petitioner was not in custody at the time he filed his habeas petition and because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: June 22, 2011                                  /s/ Ellen S. Carmody
                                                                                          ELLEN S. CARMODY
                                                                                          United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).